## HAVEN FEDERAL & LOAN ASSOCIATION v DEPARTMENT OF REVENUE, STATE OF FLORIDA

### Case No. GC-G-83-2262

Tenth Judicial Circuit, Polk County

December 19, 1984

#### APPEARANCES OF COUNSEL

**Jeff Kielbasa,** Office of General Counsel, Department of Revenue, for defendant.

**James J. Traviss** for plaintiff.

#### OPINION OF THE COURT

RANDALL G. McDONALD, Circuit Judge.

#### *FINAL SUMMARY JUDGMENT*

This cause, having come before the Court on Plaintiff's Motion for Summary Judgment and the parties, having agreed in open Court that no material facts are disputed, and the Court, having heard argument of counsel and having read their memoranda of law filed herein and being otherwise fully advised in the premises; it is hereby

ORDERED AND ADJUDGED:

1. That Section 201.08, F.S., provides that the Section 201.01 tax is:

On mortgages, trust deeds, security agreements, or other evidences of indebtedness filed or recorded in this state, and for *each renewal* of

1

the same, the tax shall be 15 cents on each $1.00 . . . of the indebtedness or obligation evidenced hereby. (e.s.)

2. That Plaintiff's endorsement-assumption agreements constitute renewals of promissory notes secured by mortgages assumed by various customers of Plaintiff.

3. That pursuant to Section 201.08, F.S., *each* renewal of a promissory note is taxable unless exempted by Section 201.09, F.S., which provides that:

(1) When any promissory note is given in renewal of any existing promissory note, which renewal note only extends or continues the identical contractual obligations of the original promissory note and evidences part or all of the original indebtedness evidenced thereby, not including any accumulated interest thereon and without enlargement in any way of the original contract and obligation, such renewal note shall not be subject to taxation under this chapter if such renewal note has attached to it the original promissory note with cancelled stamps affixed thereon showing full payment of the tax due thereon.

4. That Rule 12B-4.53(34), F.A.C., provides that a document which "renews or extends an existing obligation is subject to tax, unless it meets the requirements of Section 201.09, F.S., and Rule 12B-4.54(1), F.A.C.

5. That under Section 201.09, F.S., renewals of notes and mortgages are exempt from the documentary stamp tax if they meet *all* of the following criteria:

1. The renewal only extends or continues the identical contractual obligation of the original promissory note and evidences all or part of the original indebtedness, and

2. Without enlargement in any way of the original contract and obligation, and

3. The renewal has attached to it the original promissory note with the cancelled stamps affixed showing the full payment of the tax due thereon.

Here, Plaintiff's endorsement-assumption agreements fail to meet any of the above criteria. Therefore, they are taxable as a renewal under Section 201.08(1), F.S.

Furthermore, since Section 201.08(1), F.S., imposes the tax on renewals and Section 201.09(1), F.S., exempts some of them pursuant to a construction of the term "identical contractual obligations," said

2

term, if ambiguous (which the Court holds it is not) should be construed to exclude Plaintiff's documents from the Section 201.09(1) exemption for renewals. This is so because of the rule of statutory construction that as with all matters of legislative grace, statutes granting tax exemptions, if ambiguous, are to be strictly construed against the party seeking the exemption. *Tampa & J.R. Co. v. Catts*, 85 So. 365 (Fla. 1920) and *State ex rel. Szabo Foods v. Dickinson*, 286 So. 2d 529 (Fla. 1973).

6. That accordingly, Plaintiff is hereby ordered to pay the full amount of the assessment within thirty (30) days of the date of this Order.